SUMMARY ORDER

Mamadou Sail, allegedly a native and citizen of Mauritania, seeks review of a March 21, 2008 order of the BIA affirming the August 11, 1999 decision of Immigration Judge (“IJ”) Noel Anne Ferris, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mamadou Sall, No. A73 599 804 (B.I.A. Mar. 21, 2008), aff'g No. A73 599 804 (Immig. Ct. N.Y. City Aug. 11, 1999). We assume the parties’ familiarity with the *430 underlying facts and procedural history in this case.
When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we review both decisions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005).' We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir. 2007).
As an initial matter, we give deference to the IJ’s finding that Sail’s demeanor suggested that he was being deliberately evasive and vague during his testimony. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Additionally, the IJ reasonably gave diminished weight to Sail’s documentary evidence. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341-42 (2d Cir.2006) (emphasizing that the weight afforded to documentary evidence “lies largely within the discretion of the [agency]”)(internal quotation omitted).
Substantial evidence similarly supported the balance of the IJ’s adverse credibility findings. The IJ properly relied on significant discrepancies between Sail’s asylum applications and his testimony regarding his past persecution including whether his family was beaten, whether he was interrogated, whether his sister was raped, and how he left the refugee camp. Although Sail offered explanations for these discrepancies, no reasonable adjudicator would have been compelled to accept them. See Majidi, 430 F.3d at 80-81. Ultimately, because the IJ’s credibility findings were “based upon neither a misstatement of the facts in the record nor bald speculation or caprice,” we will not disturb them. Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted), overruled in part on, other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007).
In light of the foregoing, the agency’s denial of asylum was well grounded in the record. Although Sail failed to challenge before the BIA the IJ’s denial of his application for withholding of removal and CAT relief, the. BIA specifically considered these arguments and we thus treat his challenge to the agency’s denial of such relief as exhausted. See Xian Tuan Ye v. Department of Homeland Security, 446 F.3d 289, 296-97 (2d Cir.2006). Because Salb based his claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED.